COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Bumgardner and Frank
Argued at Salem, Virginia


DARLEE FRITH SHELTON FOWLKES
                                                        OPINION BY
v.        Record No. 1544-03-3                  JUDGE ROBERT P. FRANK
                                                     DECEMBER 23, 2003
WINFORD CALVIN FOWLKES


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

        John L. Gregory (Young, Haskins, Mann, Gregory & Smith, on
        brief), for appellant.

        Philip G. Gardner (Gardner, Gardner, Barrow & Sharpe, on brief),
        for appellee.


        Darlee Frith Shelton Fowlkes (wife) appeals an equitable distribution award to Winford

Calvin Fowlkes (husband).  The award was based on husband's contribution of his separate

property to the building of an addition onto the wife's house, which she owned prior to the

marriage.  On appeal, she contends the trial court erred in classifying the improvements as

marital property, thereby converting her separate property to part marital and part separate

property.  She further maintains the trial court erred in awarding the husband $25,000 when

expert testimony opined the improvements increased the fair market value of the house by

$20,000.[1]  For the reasons stated, we find the trial court erred in determining that any marital

property existed.

_____

        [1] Husband initially filed a cross-assignment of error, alleging the trial court erred in not
awarding him $31,800, which he claimed was traceable to his separate contributions.  At oral
argument, husband withdrew this assignment of error.

## I. BACKGROUND

Prior to their marriage on September 23, 2000, wife owned a home in Martinsville, Virginia. The parties expected that husband would sell his house and they would spend their married life in wife's home. In anticipation of husband moving into wife's house, the parties decided to make certain improvements, including an addition with a new bathroom and additional closet space, a bay window, new decking, and new roofing (referred to collectively as "the addition").

On August 4, 2000, some six weeks prior to the marriage, husband executed a contract with Fred Martin for construction of the addition.[2] The total contract price was $36,840, plus $2,340 for additional roofing work. The work began prior to the marriage and was completed in December 2000. While the testimony conflicted regarding wife's involvement in the planning and design of the addition, she did not oppose the construction. Since husband worked out of the area, wife was responsible for the daily decisions involved in the construction.

Husband began making payments on the addition after the wedding.[3] Husband testified he ultimately paid Martin approximately $24,800 with funds from his retirement account. He also purchased items for use in the construction from vendors such as Lowe's and Noland Company. The parties agree these amounts were paid with his separate funds. Wife made the final payment of $16,000 to Martin, using funds that she acquired prior to the marriage.

Husband testified that neither party had performed significant personal efforts that added to the value of wife's home. In addition, neither party claimed any marital property rights in the

---

[2] Husband and wife never signed a contract establishing the rights and responsibilities of the parties regarding the additions to the house. Wife never changed the title to her home to include husband as a co-owner. Wife did not sign the contract with Martin.

[3] Before the marriage, husband did purchase several items for use in the construction.

other's home resulting from mortgage payments made on their own respective homes during their short marriage.

Husband's real estate appraiser testified that the fair market value of wife's home with the addition was $160,000. He opined that the addition constituted approximately $20,000 of that value. He also testified that, using a replacement "cost approach," the addition's value was $42,024. The trial court found the latter value "better reflected the intrinsic value of the addition" and was more "equitable."

The trial court found husband contributed approximately $30,000 of his separate property to the addition and wife contributed $16,000 of her separate property. The trial court further found each party made non-monetary contributions to the addition.

The trial court concluded the addition was marital property, having been acquired during the marriage:

> Under [Code § 20-107.3] Subsection A3d the addition previously classified as marital under Subsection A2 was necessarily commingled with the separate house resulting in the loss of identity of the addition as a separate entity and, except for its capacity to be retraced, it would have been transmuted into separate property. However, since the addition was not a gift and because [its] value is retraceable, it retains its original classification as marital property. The resulting home is thus part marital and part separate under Subsection A3. The Court is addressing the distribution of the house and not the distribution of the parties' individual contributions to the addition. The individual contributions are taken into account in determining the monetary award.
>
> \* \* \* \* \* \* \*
>
> The Court has considered the factors set forth in Subsection E and has placed special emphasis on Numbers 2, 3, 5, 6, and 8. The contributions of the parties to the addition have been proved with specificity; the marriage was of very short duration – 3 months; the dissolution of the marriage and husband's subsequent desertion resulted from the parties' inability to resolve a simple economic disagreement; the addition was acquired with the expectation that husband's equity in his separate house would be contributed to

wife's house; and the resulting addition is totally non-liquid. The rights, interests, and equities of each party require that wife pay a monetary award to husband in that she retains title to the real estate.

The trial court concluded:

The Court finds that the house is titled in the name of the wife; that it is part marital and part separate property; and that its value is $160,000.00. The Court further finds that the marital component of the house has a value of $42,000.00. Taking into consideration the rights, interests, and equities of the parties and the statutory factors, the Court sets the monetary award at $25,000.00.

## II. ANALYSIS

On appeal, wife claims the trial court erred in awarding husband $25,000 as an equitable distribution monetary award for his contribution of separate property to the improvements made to wife's house. She cites two specific errors. First, she challenges the trial court's finding that the addition was marital property, thus converting the classification of her house from separate property to part separate and part marital property. Second, she challenges the amount of the award, arguing that the addition added only $20,000 to the fair market value of the house.

Wife contends the applicable statute is Code § 20-107.3(A)(1), which mandates an increase in value of separate property remains separate property unless:

marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions. The personal efforts of either party must be significant and result in substantial appreciation of the separate property if any increase in value attributable thereto is to be considered marital property.

She maintains that the addition to the home remained separate property and was not subject to equitable distribution under Code § 20-107.3.

The parties and the trial court agreed that wife's home was separate property prior to the building of the addition. The parties and the trial court also agreed that separate property was

- 4 -

used to pay for the addition. The issue before us, then, concerns the classification of an originally separate home, which the parties improved using separate funds.

Code § 20-107.3(A) requires that a trial court, at the request of the parties, determine "the ownership and value of all property, real or personal, tangible or intangible, of the parties and shall consider which of such property is separate property, which is marital property, and which is part separate and part marital property." In subsection A(1), the statute defines separate property, in part, as "(i) all property, real and personal, acquired by either party before the marriage; . . . (iii) all property acquired during the marriage in exchange for or from proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." Subsection A(2) defines marital property, in part, as "(iii) all other property acquired by each party during the marriage which is not separate property." Subsection D permits a trial court to make a monetary award, "based upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E."

The parties agree that wife's home without the addition was her separate property and remained her separate property even after husband and wife paid for the addition with their separate funds. The trial court found the addition was marital property as it "was acquired during the marriage and is not separate property." The court also found, as this marital property was commingled with the separate house, the addition lost its characterization as marital property and was transmuted into the separate property of wife. The trial court then held, because the addition was not a gift and was "retraceable," it retained its original character as marital property under Code § 20-107.3(A)(3)(d). The court then applied the principles of equitable distribution and ordered a monetary award of $25,000 to husband.

As all property acquired during a marriage is presumed marital property, the party who claims the property should be classified as separate bears the burden of rebutting this

presumption. Stratton v. Stratton, 16 Va. App. 878, 882, 433 S.E.2d 920, 922 (1993). On appeal, we will not overturn a trial court's monetary award of marital property unless we find an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award. von Raab v. von Raab, 26 Va. App. 239, 246, 494 S.E.2d 156, 159 (1997). Here, we find the trial court misapplied the statute when determining the nature of the addition.

The parties agree that, although purchased after the marriage, separate funds were used to construct the addition. No evidence suggests marital funds were used to make mortgage payments on the house or for the addition. Under Code § 20-107.3(A)(1)(iii), if such property is "maintained as separate property," it retains that classification and is not subject to equitable distribution. The Supreme Court, addressing this issue under a previous statute, explained, "[W]hen . . . a spouse fails to segregate and instead, commingles, separate property with marital property, the [court] must classify the commingled property as marital property subject to equitable distribution." Smoot v. Smoot, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987). This Court stated under the existing statute, "Code § 20-107.3(A)(3) addresses hybrid property, that is, property which is by definition part marital and part separate. The concept of hybrid property presupposes that separate property has not been segregated but, rather, combined with marital property." Rahbaran v. Rahbaran, 26 Va. App. 195, 207, 494 S.E.2d 135, 141 (1997). We find wife did keep the home and the addition segregated from any marital property.

The relevant facts are not in dispute. Wife received the addition to her home during the marriage, but she did not use any marital funds for its purchase. Cf. Lambert v. Lambert, 6 Va. App. 94, 101-02, 367 S.E.2d 184, 188-89 (1988) (explaining transmutation of property from separate to marital occurs when separate and *marital* property are commingled). Additionally, she held sole title to the home and the addition throughout the marriage, consistently refusing to

put the home in husband's name.[4]  See Stratton, 16 Va. App. at 882, 433 S.E.2d at 922 (finding real estate was husband's separate property where it was purchased after the marriage, but with separate funds and titled solely in husband's name).  She did not take any actions indicating an "intent to turn [her] separate property over to the marital estate."  Stainback v. Stainback, 11 Va. App. 13, 21, 396 S.E.2d 686, 691 (1990).  To the contrary, she resisted husband's demands to transfer title, resulting in the end of the marriage.  The addition, which was attached to and part of wife's original home, was maintained as part of wife's original, separate home.

Husband, although he paid for a substantial portion of the addition, never received title to the house or the addition, which is one method for transmuting separate property into a marital asset.  See Code § 20-107.2(A)(3)(f).  Neither party used marital funds to pay for the construction, so the separate property was not commingled with marital property, which could transmute the character of the contributed property.  See Code § 20-107.3(A)(3)(d) & (e).[5]  The trial court did find "[e]ach party made non-monetary contributions to the construction of the addition," which can alter the classification of separate property under Code § 20-107.3(A)(3)(a). However, the trial court did not find these contributions were significant and resulted in substantial appreciation of wife's home, as required by Code § 20-107.3(A)(3)(a) before finding the character of the property has changed.  In fact, the husband conceded in his direct testimony that he did not "perform any personal effort" to build the addition, beyond the outlay of his personal funds.

---

[4] Although the trial court found that, prior to the marriage, wife had agreed that husband would pay $40,000 toward the costs of the addition and, in return, she would jointly title the home, wife consistently refused to retitle the home after the marriage.

[5] Both of these subsections require the commingling of "*marital* property and separate property" (emphasis added) before the character of the contributed property is transmuted.  Here, the parties commingled *separate* property with *separate* property.

- 7 -

As the parties built the addition with separate funds, continued to treat the separate property as separate property, and never commingled separate property with marital property, the addition was not marital property.  The trial court incorrectly found the addition was marital property and then misapplied the commingling provision of subsection A(3).  Without marital property to evaluate, the trial court was not empowered under the principles of equitable distribution to grant a monetary award to husband.  See Code § 20-107.3(D); McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994) (noting that the value of separate property is irrelevant and immaterial to equitable distribution decisions).

We find the trial court erred in finding marital property existed and in granting a monetary award based on equitable distribution of marital property to husband.  Equitable distribution is not the proper method to adjust the equities between these parties.  We remand the case for entry of an order consistent with these findings.  In making this finding, we do not comment on the equity action before the trial court, which was consolidated with this divorce case for evidentiary hearing purposes only.  The equity action is not before this Court on appeal.

Reversed and remanded.