COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judge Felton and Retired Judge Stephens[*]
Argued at Chesapeake, Virginia


RICHARD EUGENE MATTHEWS

                                                MEMORANDUM OPINION[**] BY
v.        Record No. 2237-03-1              JUDGE WALTER S. FELTON, JR.
                                                     JULY 6, 2004
KARYL DEANNE RAUCH MATTHEWS


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Joseph A. Leafe, Judge

Elisa D. Carlson (Mary G. Commander, on brief), for appellant.

No brief or argument for appellee.


Richard Eugene Matthews (husband) appeals from the equitable distribution award arising

out of his divorce from Karyl Deanne Rauch Matthews (wife).  Husband contends that the trial

court erred in its classification and distribution of the proceeds obtained from a settlement with the

manufacturer of a recreational vehicle purchased during the marriage.  We affirm the trial court's

judgment, and remand to the trial court for the limited purpose of determining if any clerical error

exists in the record, and to correct any such error pursuant to Code § 8.01-428(B).[1]

---

[*] Retired Judge J. Warren Stephens took part in the consideration of this case by designation pursuant to Code § 17.1-400.

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Pursuant to Code § 8.01-428(B), husband filed a motion with this Court to grant leave to the trial court to correct a clerical error in its letter opinion entered on July 3, 2003, and in the decree entered on July 31, 2003.  In its letter opinion and decree, the trial court referred to husband's two "Fidelity accounts."  Husband asserts that prior to the trial court's letter opinion, one of the accounts was transferred to First Union Bank, which eventually became Wachovia Bank.

I.  BACKGROUND

The record reflects that the parties married October 31, 1997 in Chesapeake, Virginia.  One child, a daughter, was born of the marriage.  The parties separated on August 24, 2000, two years and ten months after the marriage began.  On September 21, 2000, wife filed for divorce requesting custody of the parties' daughter, spousal support, and equitable distribution of marital property.  The trial court bifurcated the proceedings, deferring its equitable distribution determination until a later time.  The trial court did not hear evidence *ore tenus*.  The parties filed written statements with the trial court regarding the property each believed to be subject to equitable distribution.  On August 29, 2002, the trial court entered a final divorce decree on the grounds that the parties had lived separate and apart for a period in excess of one year.  Code § 20-91(A)(9).

On appeal from an equitable distribution award, we review the evidence in the light most favorable to the party prevailing below, "and grant all reasonable inferences fairly deducible therefrom."  Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999).  So viewed, the record reflects that in June 1998, husband purchased a Winnebago for $73,500.  The initial purchase was financed by Fleetwood/Associates RV Finance Company (Fleetwood).  The Winnebago was originally titled solely in husband's name.  Later, but still during the marriage, husband transferred title jointly to husband and wife.  Husband and wife used the Winnebago for family vacations.  Because of defects with the vehicle, husband instituted a civil action against Ford Motor Company and Winnebago Industries, resulting in a net settlement award of $60,000, after deduction of costs of the litigation.  Wife was not a named party in the Winnebago litigation.

On July 3, 2003, the trial court issued a letter opinion finding that the proceeds from the Winnebago settlement were marital property.  It found that the Winnebago was acquired during the marriage, was not a gift, and was not purchased with separate property or the proceeds of the sale of separate property.  The trial court concluded that wife was entitled to one half the value of the

Winnebago, or half of the $60,000 received from the settlement.  It also found that wife failed to prove that the two "Fidelity accounts" were not husband's separate property.  After hearing husband's motion to reconsider the classification and distribution of the Winnebago settlement funds, the trial court reaffirmed its letter opinion.

## II.  EQUITABLE DISTRIBUTION

In fashioning its equitable distribution of the marital estate, the trial court must classify the property as either separate or marital, assign a value to the property based upon evidence presented by both parties, and finally distribute the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E).  See Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991).  "'A decision regarding equitable distribution . . . will not be reversed unless it is plainly wrong or without evidence to support it.'"  Thomas v. Thomas, 40 Va. App. 639, 644, 580 S.E.2d 503, 505 (2003) (quoting Gilman v. Gilman, 32 Va. App. 104, 115, 526 S.E.2d 763, 768 (2000)).

### A.  Classification

Husband contends that the trial court erred in classifying the proceeds from the Winnebago settlement as marital property rather than as his separate property.  At trial, husband asserted that about a year after the initial purchase of the Winnebago, he paid off the original financing debt he alone incurred with a loan from his ZEM partnership.[2]  Husband argues that because the ZEM partnership purchased the original loan from Fleetwood, the Winnebago was his separate property and, that as a result, the settlement funds from the Winnebago litigation are also his separate property.

"As all property acquired during a marriage is presumed marital property, the party who claims the property should be classified as separate bears the burden of rebutting this presumption."  Fowlkes v. Fowlkes, 42 Va. App. 1, 6-7, 590 S.E.2d 53, 55-56 (2003).  Code § 20-107.3(A)(1)(iii)

---

[2] Husband formed his ZEM partnership in 1994, prior to his marriage.

provides that separate property is "all property acquired during the marriage in exchange for or from the proceeds of sale of separate property, provided that such property acquired during the marriage is maintained as separate property." Husband must prove by a preponderance of the evidence that the Winnebago, purchased during the marriage, was acquired in exchange for separate property. See Anderson, 29 Va. App. at 685, 514 S.E.2d at 375.

Implicit in the trial court's finding that the settlement proceeds were marital property is its rejection of husband's assertions that separate, and not marital, property was used to purchase the Winnebago. Husband's testimony was not supported by any documentary evidence that the ZEM account was used to purchase the Winnebago, or the loan from Fleetwood. See id. at 685-88, 514 S.E.2d at 375-77 (husband's testimony and single bank statement was insufficient to demonstrate that funds were separate property).

We conclude husband failed to prove that the Winnebago, purchased during the marriage, was acquired by husband in exchange for his separate property. Based on the evidence before it, the trial court did not err in classifying the proceeds of the Winnebago litigation as marital property.

### B. Distribution

Husband argues that even if the Winnebago was marital property, there was no value to be distributed. He asserts that the financing debt was greater than the value received in the Winnebago settlement, thereby creating a debt owed by husband and wife to ZEM, which had purchased the financing loan from Fleetwood.[3] See Hodges v. Hodges, 2 Va. App. 508, 515, 347 S.E.2d 134, 138 (1986) ("Where the marital property is encumbered with indebtedness which equals or exceeds its value, then for purposes of a monetary award[,] it is essentially of no value.").

---

[3] The record reflects that both husband and ZEM partnership were listed as creditors in wife's bankruptcy proceeding filed in February 2002 in Montana.

- 4 -

Here, husband failed to prove the existence of or amount of a loan owed by the parties to ZEM. See Kelker v. Schmidt, 34 Va. App. 129, 138-39, 538 S.E.2d 342, 347 (2000) (finding that wife failed to establish the existence of a loan by a preponderance of the evidence due to "the lack of any documentation" or other "evidence to support her oral assertions"). Husband's only evidence for the existence of the loan was a single assertion by him in a letter to the administrator of wife's bankruptcy proceedings that "a year [after the purchase] the title was transferred . . . when Dr. Matthews decided to replace the original financing with Fleetwood with a loan from his ZEM partnership." Husband conceded in the letter that ZEM's security interest in the Winnebago was not noted on the vehicle's title. Moreover, the record contains no documentary evidence to support husband's assertion that ZEM purchased the loan from Fleetwood.

Husband also contends that the trial court erred when it divided the $60,000 Winnebago settlement award equally, awarding $30,000 each to husband and wife. In Virginia, there is no presumption favoring an equal distribution of assets. See Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830 (1986). Equitable distribution of marital property "is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership . . . ." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987).

The trial court determines its equitable distribution award considering the factors contained in Code § 20-107.3(E). Papuchis, 2 Va. App. at 132, 341 S.E.2d at 830-31. Its findings must be supported by evidence in the record. See Trivett v. Trivett, 7 Va. App. 148, 154, 371 S.E.2d 560, 563 (1988). "[T]he amount of any monetary award, subject to the enumerated statutory factors, is within the sound discretion of the trial court." Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).

Here, the trial court's decree reflects that it "carefully considered the evidence and arguments of the parties, and specifically considered the factors enumerated in Virginia Code § 20-107.3(E)." We conclude that the trial court's decision to divide the proceeds from the Winnebago settlement equally between the parties was supported by the record and find no abuse of discretion.

Accordingly, we conclude that the trial court did not err in its classification of the settlement proceeds from the Winnebago litigation as marital property or in its distribution of those proceeds. We affirm the trial court's equitable distribution of the marital asset. We remand to the trial court for the sole purpose of determining whether any clerical error exists regarding the Fidelity accounts, and authority to correct any such error pursuant to Code § 8.01-428(B).

Affirmed on the merits, and<br>remanded with instructions.