COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judge McClanahan and Senior Judge Willis
Argued at Richmond, Virginia


STUART LEE HARRIS

                                                MEMORANDUM OPINION* BY
v.        Record No. 1231-05-2                  JUDGE JERE M. H.WILLIS, JR.
                                                     FEBRUARY 21, 2006
JUDY BALLANCE HARRIS


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                          Catherine C. Hammond, Judge

                (J.W. Harman, Jr., on brief), for appellant.  Appellant
                submitting on brief.

                Thomas W. Blue for appellee.


        Stuart Lee Harris (husband) appeals from the trial court's May 2, 2005 final order.  He

contends the trial court erred "in finding that the former marital residence . . . was marital property,"

and in dividing the property between the two parties.  Judy Ballance Harris (wife) contends the trial

court erred "in not disregarding the [March 30, 2004] decision of this Court," and in "not allowing

the value of the Regency Woods condominium and the amount of the encumbrance against same to

be updated to the present."  We affirm the trial court's judgment in part, but reverse and remand for

a determination of the current value of the Regency Woods condominium.

                                        BACKGROUND

        On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391

S.E.2d 344, 346 (1990).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The parties were married on June 11, 1989 and separated on October 16, 2001. At the time of their separation, they jointly owned a condominium on Regency Woods Road. Prior to the marriage, husband owned a house on West End Drive. The proceeds from his sale of the West End house and money from his separate savings account comprised part of the funds used to purchase a marital residence on River Road. The Regency Woods condominium was later purchased and jointly titled using only proceeds from the sale of the River Road house.

Following an October 28, 2002 trial, the trial court held that the Regency Woods condominium was marital property and that husband had failed to trace his separate funds into it. In its equitable distribution award, the trial court divided the condominium equally between the parties. Husband appealed. In Harris v. Harris, Record No. 0162-03-2 (Va. Ct. App. March 30, 2004) (Harris I), we held that "[a]lthough the River Road house and the Regency Woods condominium were titled in the joint names of the parties and, thus, 'deemed transmuted to marital property,' Code § 20-107.3(A)(3)(f), the evidence . . . was sufficient to retrace those properties to the separate property sources." Harris I. We concluded "the trial judge erred in ruling that the evidence was insufficient to establish the trace" and remanded the case to the trial court for reconsideration.

On remand, the trial court determined the proportions of the parties' separate contributions to the purchase of the condominium, awarding wife 33.76% of its value with the remainder awarded to husband. It refused wife's request to revalue the condominium as of the time of trial on remand.

ANALYSIS

I.

Husband contends that the trial court erred by concluding "that the Regency Woods property is properly classified as transmuted marital property." To support his argument, he cites only the following from Harris I:

> In summary, the evidence proved the wife contributed her separate
> property to assist in the renovation of the West End house, which

- 2 -

was the husband's separate property. Neither that contribution or any other personal effort converted the West End house to marital property.

He concludes from this statement that the trial court erred in classifying the Regency Woods condominium. In Harris I, we held that the West End house, purchased by husband prior to the parties' marriage, was husband's separate property. The Regency Woods condominium, on the other hand, was the second residence purchased by the parties during their marriage, was jointly titled, and was properly classified as transmuted marital property. In Harris I, we specifically held that "the River Road house and the Regency Woods condominium were titled in the joint names of the parties and, thus, 'deemed transmuted to marital property,' Code § 20-107.3(A)(3)(f) . . . ." We find no error in the trial court's classification of the Regency Woods condominium.

II.

Husband further contends that the trial court erroneously divided the equity in the Regency Woods condominium between the parties. Relying on Fowlkes v. Fowlkes, 42 Va. App. 1, 590 S.E.2d 53 (2003), he again asserts that the trial court erred in its classification of the Regency Woods condominium as marital property and thus reasons the trial court lacked authority to divide it.

In Harris I we stated that "[a]s in Fowlkes, the wife's monetary contribution in this case did not transmute the *West End house* to marital property." (Emphasis added.) However, the jointly titled Regency Woods condominium, the subject of this appeal, was purchased during the marriage from the proceeds of the parties' River Road house, which in turn had been purchased from the proceeds of the sale of the West End house. Wife contributed her separate funds for the renovation of the West End house, increasing the value of the property, according to her testimony, "by about $25,000." Thus, the proceeds from the sale of the West End house, which were ultimately used to purchase the Regency Woods condominium, were a combination of funds contributed by both

parties.  Unlike the residence in Fowlkes, which was wife's separately owned property to which husband contributed his separate funds, the jointly titled Regency Woods condominium was purchased during the parties' marriage with commingled funds and thus, under Code § 20-107.3(A)(3)(f), was "deemed transmuted to marital property."  The fact that husband could retrace his separate contribution did not diminish the trial court's authority to divide the equity in the property according to the proportionate share of each party's contribution to its purchase.  The trial court properly followed the mandate of Harris I.

### III.

Wife argues that the trial court erred "in not disregarding the decision of this Court under date March 30, 2004 . . . ."  She contends this Court in Harris I mistakenly found husband retraced his separate property.

> "The [law of the case] doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal.  Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either."

American Filtrona Co. v. Hanford, 16 Va. App. 159, 164, 428 S.E.2d 511, 514 (1993) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)).

Wife's recourse, if she disagreed with our holding in Harris I, was to appeal.  She did not do so, and that holding became final.  It is binding on her, on husband, and on the trial court.  The trial court had no authority to "disregard" the mandate of Harris I.  It acted properly in complying with that mandate on remand.

### IV.

Wife contends the trial court erred by refusing to update the valuation of the Regency Woods condominium.  We agree.

The trial court calculated wife's interest in the value of the condominium was 33.76% of the asset's value. However, it denied wife's request to update that value and instead based her award on the value established at the October 28, 2002 trial.

We have held that it is an abuse of discretion to fail to revalue an asset "when the asset had been held by one party for such a lengthy period of time and its value, including the value to which wife was entitled, had [due to passive economic factors] greatly changed." Rowe v. Rowe, 33 Va. App. 250, 263, 532 S.E.2d 908, 915 (2000). In this case, over three years have elapsed since the original determination of the condominium's value. Wife's proffered evidence suggests the asset has significantly increased in value. Accordingly, we remand the case to the trial court to redetermine the value of the Regency Woods condominium.

Affirmed in part, reversed and remanded in part.