COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


NIGISTI W. TESFAY

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1260-06-4                        JUDGE JAMES W. HALEY, JR.
                                                         MARCH 27, 2007
ABRAHAM S. TESFAY


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                          Randy I. Bellows, Judge

            Hope Rosen (Leiser & Associates, on brief), for appellant.

            No brief or argument for appellee.


       Nigisti Tesfay ("wife") maintains the trial court erred: (1) in tracing $28,000 as a

separate property contribution by Abraham Tesfay ("husband") towards the purchase of a marital

home; (2) in setting the amount and duration of spousal support; and (3) in not ordering a sharing

of unreimbursed child medical expenses. We affirm.

                                        FACTS

       The parties were married December 19, 2000, in Virginia and separated on June 30,

2003. Two children were born of the marriage. At the time of the hearing in this cause, neither

party was employed nor was there offered any evidence as to any income to either party from

other sources.

       Prior to moving to Virginia, and getting married, husband was employed by an airline as

a mechanic in Kansas, and also worked other part-time jobs, for a period of twelve years. He

presented documentary evidence that on March 22, 2000, he had $32,657.98 in an In Trust

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Financial Services Account, that on April 2, 2000, he had $15,000 in an American Funds Group Account, and that he had $4,744.75 in an Eaton Vance Account. In March 2002, husband transferred $28,301.19 from these accounts to a Bank of America Brokerage Account, also in his name alone.

The marital home was purchased on January 15, 2003. The documentary evidence shows three cashiers checks from the Bank of America account, one for $3,000 to Metropol Realty as an earnest deposit, and one for $3,000 and one for $22,000 each payable to MGH settlements. The HUD closing statement prepared by MGH shows a balance due of $25,000 and reflects the $3,000 deposit. This evidence with respect to the $28,000 is essentially uncontradicted. The title to the property was originally titled in husband's name only, but on April 15, 2003 was titled in husband's and wife's names by his Deed of Gift. Neither party offered evidence as to whether this re-titling was, or was not, a gift. The marital property was under contract at the time of the hearing with anticipated net proceeds of approximately $170,000.

Husband had been working for Independence Air at Dulles Airport in Fairfax County, but was laid off. His attempts to find similar employment with other airlines at Dulles, at Reagan National in Arlington, and in New York, had been unsuccessful. He used his savings, his credit, and borrowings from friends to pay for marital expenses, child expenses, and repairs and maintenance on the marital property, which wife and children occupied for a period of time since the separation.

Wife is a nurse trained in Africa whose credentials are recognized in the United States. While in Africa, she worked as a nurse practitioner, prescribing medicines and care for the International Risk Committee. She also worked for a Norwegian relief agency, co-coordinating health, education and food programs. Nonetheless, she maintained she needs a new nursing certification, which will require training over a period of seven months at a cost of $3,000. She

unsuccessfully applied at a local hospital as a medical technician, but has not sought employment as a non-registered nursing assistant. She testified she had borrowed $5,000 for living expenses.

The trial court concluded that the marital home was "hybrid property" and that husband had traced the $28,000 earnest money and down payment as separate property towards its purchase. The court ordered that from the proceeds of sale of the marital residence, husband be reimbursed that sum, wife be reimbursed the $5,000 she had borrowed, and the remainder be divided equally. The court found that neither party had offered sufficient evidence to impute income. The court ordered husband to pay wife $400 per month for one year "given Ms. Tesfay's testimony about her opportunity to obtain a nursing certification, which will permit her to have a significantly higher standard of living." The trial court further noted the large sum wife would be obtaining from the proceeds of the sale of the marital residence. With respect to child support, the court noted that it "could not run the guidelines where there is no income," but ordered husband to pay $65 per month for each child as support. Finally, the trial court ordered that the parties "for a period of every three months exchange information concerning employment."

## ANALYSIS

Our analysis begins with the propositions that on appeal we view the evidence in the light most favorable to the prevailing party, Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003), and that when the trial court hears evidence *ore tenus*, that court's "findings are entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Alphin v. Alphin, 15 Va. App. 395, 399, 424 S.E.2d 572, 574 (1992).

A.

TRACING

Wife assigns as error the trial court's finding that husband "presented sufficient credible evidence that his contributions toward the purchase of the marital home were derived from separate property."

In Fowlkes v. Fowlkes, 42 Va. App. 1, 7, 590 S.E.2d 53, 56 (2003), we noted that "Code § 20-107.3(A)(3) addresses hybrid property, that is property which is by definition part marital and part separate. The concept of hybrid property presupposes that separate property has not been segregated but, rather, combined with marital property." As we held in Von Raab v. Von Raab, 26 Va. App. 239, 248, 494 S.E.2d 156, 160 (1997), "[t]he party claiming a separate interest in transmuted property bears the burden of proving retraceability."

A finding that a litigant has successfully traced separate property is a finding of fact. Ranney v. Ranney, 45 Va. App. 17, 608 S.E.2d 485 (2005). The documentary evidence shows husband had three accounts before his marriage, traced those funds into a Bank of America brokerage account in his sole name, and thence from that account specifically to the realtor and closing agent dealing with the marital home. This essentially uncontradicted evidence persuades us that the trial court's determination that husband traced the $28,000 used for the earnest deposit and down payment for the marital property is supported by the evidence. Accordingly, this assignment of error is without merit.[1]

---

[1] The issue of gift of the marital property was not raised in the trial court, or in argument in this Court. Accordingly, we do not address the same. See Utsch v. Utsch, 266 Va. 124, 581 S.E.2d 507 (2003).

B.

SPOUSAL SUPPORT

The trial court noted that it "[h]ad considered all the factors . . . under 20-107.1" in setting spousal support. The court specifically noted the short duration of the marriage, its determination with respect to the marital property and the significant sum each party would receive upon its sale, the respective debts of the parties, the health and ages of the parties, and the work potential of husband as an airline mechanic and wife as a nurse. The court further noted there had been "no testimony" about the standard of living established during the marriage.

At the conclusion of this summation, the court award $400 per month for one year as "rehabilitative alimony . . . specifically for the purpose of Ms. Tesfay acquiring her certification as a nurse . . . ." Finally, neither party had any income at the time of the marriage, and no evidence was offered to permit the court to impute the same.

In Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005), we stated: "In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. Accordingly, our review is limited to determining whether the trial court clearly abused its discretion." (Citations omitted).

Code § 20-107.1(E) authorizes a trial court to set a period of "duration" for spousal support. "[T]he legislature obviously contemplated that circumstances exist in which defined duration spousal awards are appropriate . . . ." Torian v. Torian, 38 Va. App. 167, 184, 562 S.E.2d 355, 364 (2002). See also Bruemmer v. Bruemmer, 46 Va. App. 205, 206, 616 S.E.2d 740, 740 (2005).

We conclude the trial court properly considered each factor set forth in Code § 20-107.1 and, based upon the evidence provided for consideration, did not abuse its discretion in setting the amount and duration of spousal support awarded wife.

- 5 -

## C.

### UNREIMBURSED MEDICAL EXPENSES

Code § 20-108.2(D) states that "[e]xcept for good cause shown" the trial court in a support order "shall provide that the parents pay *in proportion to their gross incomes . . .* any reasonable and necessary unreimbursed medical . . . expenses that are in excess of $250 . . . for each child . . . ."  (Emphasis added).

Wife assigns as error the failure of the trial court to include such language in its final order.  However, as the evidence shows, neither parent at the time of the proceeding had any "gross income."  It is implicit, with respect to a division of responsibility for unreimbursed medical expenses, that, where both parents lack income, that absence constitutes "good cause shown," pursuant to Code § 20-108.2(D), for the trial court omitting such a division.

While it is true that the trial court did order husband to pay $65 per month per child, it did so pursuant to Code § 20-108.2, which provides for that sum when the combined gross incomes of the parents range from "0-599" per month.  That being said, the trial court could not order reimbursement for medical expenses when the evidence showed neither parent had any gross income.

Affirmed.
