COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Fulton, Friedman and Chaney
Argued at Norfolk, Virginia


OKSANA MARINARO

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1057-22-1                      JUDGE JUNIUS P. FULTON, III
                                                    OCTOBER 3, 2023
DOMENICK A. MARINARO


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                        H. Thomas Padrick, Jr., Judge Designate

            Oksana Marinaro, *pro se*.

            Robert Jeffries; Bretta Z. Lewis, Guardian ad litem for the minor
            child (Wolcott Rivers Gates, on brief), for appellee.


        The circuit court awarded Domenick A. Marinaro (husband) a divorce from Oksana

Marinaro (wife).  The final decree resolved all issues of divorce, equitable distribution, spousal

support, child custody and visitation, child support, and attorney fees.  On appeal, wife challenges

the circuit court's rulings regarding custody, arguing that the circuit court erred in modifying an

earlier custody order and did not consider the best interest of the child.  Wife also alleges the circuit

court erred in failing to admit expert testimony about husband's health in support of her argument

for custody of the child.  Wife argues that the circuit court erred in calculating child support by

failing to consider husband's inheritance and by deducting from husband's income payments made

to his previous wife.  Wife contends that the circuit court should have deviated from the child

support guidelines.  Wife also contends that the circuit court erred in its determination regarding

equitable distribution of the marital residence by finding that she made minimal contribution to the

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

residence and by failing to consider the marital residence's increase in value. Likewise, wife challenges the circuit court's holding that she made minimal contribution to husband's retirement account. Wife alleges that the circuit court erred in determining the length of the parties' marriage by considering their periods of separation and that the circuit court erred in failing to designate her as beneficiary of husband's survivorship benefits. Finally, wife challenges the circuit court's ruling regarding the amount and apportionment between the parties of the guardian ad litem's (GAL) fees. For the reasons that follow, we affirm the judgment of the circuit court.

## BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)). Here, husband is the prevailing party.

Husband and wife married on April 24, 2008. The parties had one child together who was seven years old when this case commenced. Husband filed a complaint for divorce on November 14, 2018, on the grounds of cruelty and constructive desertion, seeking custody of the parties' minor child, child support, spousal support, and equitable distribution. Wife filed an answer and counterclaim, to which husband filed a response. During the divorce proceedings, husband moved for the appointment of a GAL for the parties' minor child. On May 17, 2019, over wife's objection, the circuit court appointed Bretta Lewis as the child's GAL.

The circuit court entered a pendente lite order, awarding the parties temporary joint legal custody of their minor child, with primary physical custody going to husband. Wife received extended visitation every other weekend. The circuit court later modified the pendente lite custody order and granted husband sole legal and physical custody and supervised visitation to wife. The

circuit court awarded wife pendente lite spousal support in the amount of $850 per month, beginning September 1, 2019.

The parties entered into a written agreement regarding their automobiles, debts, and the child's 529 account. They also reached an agreement regarding custody and visitation; the circuit court entered a consent order that awarded the parties joint legal custody and shared physical custody with an alternating weekly schedule. Over wife's objection, the circuit court ordered the parties to be equally responsible for the GAL fees totaling $16,501.15.

The circuit court scheduled a hearing on all remaining issues, including equitable distribution, spousal support, and child support matters. On the morning of the hearing, wife requested a continuance because she had a fever and possibly COVID-19. The circuit court denied wife's continuance request and held the hearing in wife's absence, after which, the circuit court entered a final decree of divorce. Upon wife's appeal, this Court reversed and remanded the matter, holding that the circuit court abused its discretion by denying the continuance and ordering the circuit court to conduct a new trial on the merits. *Marinaro v. Marinaro*, 73 Va. App. 424, 434 (2021). We held that the circuit court considered only "husband's unilateral arguments and evidence regarding the equitable distribution, spousal support, and child support." *Id.*

Upon remand, wife filed a motion "to redact and eliminate excessive GAL fees." Following a pretrial conference, the circuit court released the GAL "as of the end of her participation in the pretrial conference" and denied wife's motion regarding the GAL fees.[1]

_____

[1] A transcript of the pretrial conference has not been made part of the record.
Wife timely noted her appeal of the February 14, 2022 order regarding the GAL fees. This Court dismissed wife's appeal as interlocutory. *Marinaro v. Marinaro*, No. 0385-22-1 (Va. Ct. App. Nov. 29, 2022) (order).

At the final hearing on April 11, 2022, the parties presented evidence and argument on custody, visitation, child and spousal support, and equitable distribution.[2] After considering the Code § 20-124.3 factors, the circuit court awarded joint legal custody and physical custody to husband, with visitation to wife.

The circuit court also reviewed the statutory factors of spousal support contained in Code § 20-107.1(E) and ordered husband to pay wife $450 per month starting May 1, 2022, continuing until April 30, 2026. Applying the child support guidelines, the court awarded wife child support in the amount of $374 per month.

The court also considered the equitable distribution factors under Code § 20-107.3(E). The circuit court found that husband received an inheritance and classified it as separate property. Regarding the parties' marital residence, the circuit court held that although wife "contributed to it" for "a short period of time," the husband retained the property because it was titled in his name and owned by him before the marriage. Each party kept their own pensions but the court awarded wife a monetary award of $22,000.

Following the hearing, husband filed a motion for the entry of the final decree and a notice of the hearing. Husband requested that the circuit court enter a final decree that conformed to its oral rulings from the April 11, 2022 hearing, "with the exception of the amount of child support which [he] submit[ted] resulted from an erroneous calculation." Husband argued that "the income figure the [circuit court] used for [him] included the ten percent of his retired pay that was irrevocably assigned to his former spouse . . . by their final decree of divorce." Husband also alleged the circuit court made a mathematical error in calculating the award of child support.

---

[2] Wife only provided a transcript of the child's bus driver's testimony and the circuit court's ruling from the April 11, 2022 hearing.

- 4 -

The circuit court conducted a hearing on husband's motion on June 24, 2022.[3] The same day as the hearing, the circuit court entered a final decree of divorce and granted husband a divorce on the grounds of living separate and apart for more than one year. The circuit court recalculated child support and ordered husband to pay $108 per month. The remainder of the final decree of divorce was consistent with the circuit court's oral pronouncement at the April 11, 2022 hearing. Wife filed a motion to reconsider and vacate the final decree, which the circuit court denied. Wife appeals.

ANALYSIS

I. Rule 5A:8

From the outset, we find that we are unable to review many of wife's arguments due to an inadequate record. "On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred in the respect alleged by appellant." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Here, as pertinent to the circuit court proceedings on remand following this Court's reversal, wife only filed a portion of the April 11, 2022 hearing that includes brief testimony from the child's bus driver and the circuit court's ruling. Moreover, wife did not provide a transcript or a written statement of facts in lieu of the transcript of the June 24, 2022 hearing on husband's motion for entry of the final decree, during which the circuit court

---

[3] A transcript of this hearing is not a part of the record.

determined the final calculation of the child support award. As discussed in detail below, the transcripts are indispensable for a review of a number of wife's assignments of error. *Bay*, 60 Va. App. at 528.

Wife challenges the award of child support and argues that the circuit court erred in failing to include husband's recent inheritance in calculating child support. The circuit court found that husband received an inheritance of $150,000. Without a complete transcript from the hearing, we are unable to consider any evidence regarding husband's inheritance.

Regarding child support, wife also argues that the circuit court erred in calculating husband's income by finding that husband "pays 10% of his retirement to his ex-wife." Wife further asserts that the circuit court erred in failing to deviate from the child support guidelines because she needed additional funds to pay for the child's extracurricular activities. Without the transcript of the June 24, 2022 hearing at which the circuit court awarded child support, we are unable to adequately consider wife's evidence and any consideration the circuit court gave to it.

Wife alleges that the circuit court erred in failing to require husband to designate wife as an irrevocable beneficiary to husband's life insurance. Without citing to the record, wife claims that "[h]usband stated that [w]ife is currently designated as a beneficiary of [h]usband's survivor benefits." Without a complete transcript, however, we are unable to review the testimony and evidence presented about the life insurance.

Wife asserts that the circuit court erred by failing to award her the correct amount of her marital share of husband's retirement account and of the marital home and that the circuit court erred in failing to consider the increase of value of the marital home. With no record of the arguments wife made about the marital residence or husband's retirement account at the April 11, 2022 hearing, we cannot know whether she presented to the circuit court the specific arguments she advances on appeal.

Wife argues that the circuit court violated Code § 20-107.3(F) by considering her support award when deciding the amount of her monetary award for equitable distribution purposes.[4] "On appeal, we will not overturn a trial court's monetary award of marital property unless we find an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award." *Fowlkes v. Fowlkes*, 42 Va. App. 1, 7 (2003). In awarding the monetary award of $22,000, the circuit court stated that it took into "consideration the interest that [wife] might have had in [husband's] pension and also consider[ed] the spousal support." Without a complete transcript of the evidence and arguments presented, we are unable to review the circuit court's monetary award.

Wife argues that the circuit court erred by modifying the consent order for custody and visitation. She alleges that the parties' consent order provided for joint physical and legal custody of the child, but the final decree of divorce awarded the parties joint legal custody and physical custody to husband.[5] Wife argues that the circuit court failed to consider any material change of circumstances that warranted modifying the consent order and failed to find that the change in custody was in the child's best interest. In addition, wife claims that the circuit court did not consider every factor under Code § 20-124.3, including the parties' ages, husband's "psychological

---

[4] Code § 20-107.3(F) states that:

> The court shall determine the amount of any such monetary award without regard to maintenance and support awarded for either party or support for the minor children of both parties and shall, after or at the time of such determination and upon motion of either party, consider whether an order for support and maintenance of a spouse or children shall be entered or, if previously entered, whether such order shall be modified or vacated.

[5] Of note, although the final decree of divorce describes husband as having physical custody of the child, in the visitation section of the decree wife is described as having the child "in alternate weeks from Sunday at 4:00 p.m. until the following Sunday at 4:00 p.m." All holiday time is likewise evenly split between the parties. Consistent with the consent custody order, the parties "have roughly equally shared parenting time."

instability," and her own physical and emotional health. Without a complete transcript, however, we are unable to review what, if any, evidence the circuit court considered in awarding physical custody to husband.

Wife also contends the circuit court erred in failing to admit an expert report regarding husband's health in support of her request for custody of the minor child. In 2020, the circuit court granted wife's motion to appoint an expert to evaluate husband's health. Wife alleges that the circuit court then refused to admit the expert's report, despite its admissibility under Rule 4:10 and Code § 8.01-413. Generally, "[t]his Court will not overturn a circuit court's exercise of its discretion in determining whether to admit or exclude evidence unless the record demonstrates that it abused its discretion." *deCamp v. deCamp*, 64 Va. App. 137, 147 (2014); *see also John Crane, Inc. v. Jones*, 274 Va. 581, 591 (2007) ("In reviewing the trial court's decision to exclude expert testimony, we apply an abuse of discretion standard."). Without a complete transcript, we are unable to review the circuit court's reasoning for not admitting the expert's report.

Finally, wife argues that the circuit court erred by awarding GAL fees in excess of the statutory amount for compensation of court-appointed counsel as set out in Code § 19.2-163. Wife also alleges that the circuit court incorrectly proportioned the GAL fees between husband and wife. Wife filed a motion in the circuit court to "redact and eliminate excessive GAL fees." The circuit court considered wife's motion during a pretrial conference on February 3, 2022, after which the circuit court denied wife's motion regarding the GAL fees in a written order. Neither a transcript of this conference nor a written statement of facts in lieu of a transcript was made a part of the record. Therefore, we are unable to consider whether wife raised the arguments she now seeks to present and the circuit court's reasoning for denying her motion.

We conclude that complete transcripts, or a written statement of facts in lieu of transcripts, from the February 3, 2022 pretrial conference and the April 11, 2022 and the June 24, 2022 hearings are indispensable to a determination of wife's challenges to the circuit court's rulings concerning GAL fees, child support, custody, survivorship benefits, and wife's contribution to the marital residence and husband's retirement account. Even though wife is proceeding *pro se*, she still "must comply with the rules of court." *Francis v. Francis*, 30 Va. App. 584, 591 (1999); *see Townes v. Commonwealth*, 234 Va. 307, 319 (1987) (holding that a *pro se* litigant "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel"). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (alteration in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); *see also Bay*, 60 Va. App. at 528-29. Accordingly, these arguments are waived. Rule 5A:8(b)(4)(ii).

## II. Equitable Distribution

"[A] circuit court's 'equitable distribution award will not be overturned unless the [appellate court] finds an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award.'" *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (second alteration in original) (quoting *Dixon*, 71 Va. App. at 717-18).

### A. Length of Marriage

Wife argues the circuit court erred in calculating the length of the parties' marriage at 8.5 years. The parties were married in 2008 and separated in 2018, but had separated years before for approximately 18 months. When calculating the length of the marriage, the circuit court considered the parties' previous 18-month separation and found that the length of the marriage was 8.5 years, instead of 10 years.

Assuming without deciding that the circuit court erred in calculating the length of the marriage, the error was harmless. "When it plainly appears from the record and the evidence . . . that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be arrested or reversed." *Moore v. Joe*, 76 Va. App. 509, 516-17 (2023) (alteration in original) (quoting Code § 8.01-678). "Under the doctrine of harmless error, we will affirm the circuit court's judgment when we can conclude that the error at issue could not have affected the court's result." *Galiotos v. Galiotos*, 300 Va. 1, 15 (2021) (quoting *Forbes v. Rapp*, 269 Va. 374, 382 (2005)).

The duration of the marriage is only one of numerous factors that a circuit court is required to weigh when determining equitable distribution. *See Theismann v. Theismann*, 22 Va. App. 557, 565 (1996). After classifying the parties' property as separate or marital, the circuit court then appropriately considered the factors of Code § 20-107.3(E) in fashioning the award of equitable distribution. There is no evidence that the circuit court's award was impacted by its calculation of the duration of the parties' marriage. Therefore, even assuming error, any such error was harmless.

### B. The 529 Plan

Wife argues that the circuit court erred in failing to award her a marital share of the child's 529 account. We reject this argument as the parties resolved ownership of the 529 Plan in a written agreement, signed by each party. Husband submitted the agreement as an exhibit at the final hearing. This Court has stated, "to the extent that the parties have already stipulated to a particular disposition of their property, the court may not decree" an equitable distribution award that is inconsistent with that contract. *Campbell v. Campbell*, 32 Va. App. 351, 356 (2000) (quoting *Parra v. Parra*, 1 Va. App. 118, 128 (1985)). Therefore, in the present case, the circuit court could not distribute the 529 Plan in a manner that contradicted the terms of the parties' agreement.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*